UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

**United States of America**

    **v.**                                       Case No. 12-cr-167-SM

**Quentin Simon**

**O R D E R**

On January 12, 2014, defendant appeared for a detention hearing under Fed. R. Crim. P. 32.1(a)(6).[1] Defendant is charged with multiple alleged violations of conditions of supervision, as set forth in the government's petition dated January 7, 2015 (doc. no. 76). Defendant is on release from his convictions in 2014 for unlawful drug user in possession of a firearm in violation of 18 U.S.C. § 922(g)(3) and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1).

The government alleges that, while on supervised release, defendant violated the conditions of his release by committing the crimes of possessing and using controlled substances on multiple occasions in violation of 21 U.S.C. §844(a) and NH RSA 318-B:2; criminal tampering by destroying evidence, Class D felony in violation of New York Penal Law 145.20; resisting arrest in violation of New York Penal Law 205.30; aggravated

---

[1] Defendant waived his right to a preliminary hearing/probable cause hearing on January 9, 2015.

unlicensed operator - 3rd Degree, Class U misdemeanor, in violation of New York Penal Law VTL0511 01; traveling from his home without permission of the court which resulted in his arrest by the New York City Police on January 1, 2015; and failure to report to the Bureau of Prisons due to his arrest.

Defendant sought bail conditions under Rule 32.1(a)(6). The government sought detention on the grounds that defendant posed a risk of danger. Under Rule 32.1(a)(6), defendant bears the burden of establishing by clear and convincing evidence that he will not flee and that he poses no danger to any other person or to the community. At the hearing, the court summarized its findings orally from the bench. Those oral findings are incorporated herein. Based on the government's proffer at today's hearing and for the reasons stated on the record, defendant has failed to meet his burden of persuading the court that he poses no risk of danger to any person or to the community.

In sum, the court finds that defendant did not meet his burden to show by clear and convincing evidence that his release, even on strict conditions, would pose no risk of danger to any person or the community. Accordingly, it is **ORDERED** that the defendant be detained pending a final revocation hearing.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a

corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with court proceedings.

    SO ORDERED.

                                        Andrea K. Johnstone
                                    United States Magistrate Judge

January 12, 2015

cc:   Paul Garrity, Esq.
      Debra M. Walsh, Esq.
      U.S. Probation
      U.S. Marshal